# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DELMAR HENDERSON,<br><br>           Plaintiff,<br><br>     v.<br><br>GREG WHITE, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-CV-01462-OWW-SMS-P<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 1) |

I.   Screening Order

Plaintiff Gary Delmar Henderson ("plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 19, 2006. Plaintiff's claims in this action arise from an incident that began on June 11, 2005, when a home invasion robbery was committed at plaintiff's residence while plaintiff was present. Plaintiff, who was on parole at the time, was questioned and subsequently arrested on June 16, 2005. Plaintiff remains in custody. Plaintiff alleges that defendants, whom are Tulare County Sheriff's Deputies, violated his rights by conducting a warrantless search, making false allegations against him, and creating false documentation against him. Plaintiff is seeking money damages and injunctive relief, including release from custody and the dismissal of charges against him.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff may not at this time bring a civil rights action arising out of his allegedly wrongful arrest and incarceration. Plaintiff's sole remedy is to file a petition for writ of habeas corpus. Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:   October 24, 2006**          **/s/ Oliver W. Wanger**
emm0d6                                         UNITED STATES DISTRICT JUDGE